UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

10 MAPLE ASSOCIATES, LLC,  No. 11-13639

Debtor(s).
_____/

Memorandum on Motion for Contempt
_____

    Prior to commencement of the case, Chapter 11 debtor in possession 10 Maple Associates, LLC, initiated an out-of-court work-out with Westamerica Bank. The parties signed a series of standstill agreements, pursuant to which all tenants of 10 Maple's property were instructed to remit their rent to a blocked account maintained by Westamerica and Westamerica was given a security interest in these funds. Negotiations broke down, the standstill agreements expired, and on September 30, 2011, 10 Maple filed its Ch 11 petition. 10 Maple then requested turnover of the funds in the blocked account, which continued to receive and retain post-petition rents. Westamerica held onto the funds until November 8, 2011, then turned them over. Neither party disputes that the funds in the blocked account were cash collateral of Westamerica.

    Westamerica's position was fully justified by *In re Edgins,* 36 B.R. 480, 484 (9th Cir. BAP 1984), which held that a bank does not violate the automatic stay by withholding an account in which it has a security interest. Unfortunately for Westamerica here, shortly after *Edgins* was decided Congress amended § 362(a)(3) of the Bankruptcy Code to add "exercise control over property of the

1

estate" to the acts proscribed. The current law is (and has been for decades) that withholding collateral after a bankruptcy filing (i.e. doing nothing) itself violates the automatic stay. *In re Abrams,* 127 B.R. 239, 242 (9th Cir. BAP 1991).

Westamerica was not obligated to instantly transfer the funds when the bankruptcy was filed. If it was seeking relief from the automatic stay pursuant to § 362(d) of the Code, it was entitled to hold onto the funds until its motion was heard. *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 19, 133 L.Ed.2d 258, 116 S.Ct. 286 (1995). Westamerica should have either turned the funds over or brought a prompt motion for relief from the stay. Retaining the funds without filing a stay relief motion was a violation of the automatic stay.

In mitigation, the time Westamerica held on to the funds was only a few weeks, during which time 10 Maple suffered no real harm, and the funds were eventually turned over voluntarily. In addition, the letter of 10 Maple's counsel of November 4, 2011, voluntarily gave Westamerica until November 7 to turn over the funds. The court does not feel that, under the circumstances of this case, monetary sanctions are warranted. The court will order, however, that Westamerica shall not seek to charge 10 Maple, directly or indirectly, whether by affirmative claim or setoff, for any attorneys' fees or other costs associated with its retention of the blocked account, including the present motion. Counsel for 10 Maple shall submit an appropriate form of order.

Dated: October 3, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2